**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JOHN YOUNG,**

                         **Plaintiff,**

    vs.                                         9:15-CV-01222
                                                     (MAD/TWD)

**DR. RUSSELL FRICKE,** *Medical Department,
Schenectady County Jail;* **ANTHONY LUCCA,**
*Head Kitchen Chef, Schenectady County Jail.*

                         **Defendants.**
_____

**APPEARANCES:**                         **OF COUNSEL:**

**JOHN YOUNG**
16-A-0363
Hudson Correctional Facility, Box 576
Hudson, New York 12534
Plaintiff, *pro se*

**THUILLEZ, FORD, GOLD, BUTLER**    **MOLLY C. CASEY, ESQ.**
**& MONROE, LLP**
20 Corporate Woods Blvd., 3rd Floor
Albany, New York 12211
Attorneys for Defendant Dr. Russell Fricke

**SHANTIZ & BELKIN**                 **M. RANDOLPH BELKIN, ESQ**
26 Century Hill Drive, Suite 202
Latham, New York 12110
Attorneys for Defendant Anthony Lucca

**Mae A. D'Agostino, U.S. District Judge:**

## DECISION AND ORDER

### I. INTRODUCTION

*Pro se* Plaintiff John Young ("Plaintiff"), an inmate in the custody of the New York State

Department of Corrections and Community Supervision, commenced this civil rights action

pursuant to 42 U.S.C. § 1983 on October 13, 2015, asserting claims arising out of his confinement

at Schenectady County Jail ("SCJ") as a pretrial detainee. *See* Dkt. Nos. 1 & 8. The complaint alleges that Defendants Dr. Russell Fricke ("Defendant Dr. Fricke") and Anthony Lucca ("Defendant Lucca") acted intentionally and with deliberate indifference towards Plaintiff's prescribed dietary needs resulting in the worsening of Plaintiff's medical condition. *See* Dkt. No. 8 at 3.

On May 26, 2017 Defendant Dr. Fricke moved for summary judgment asserting that Plaintiff failed to demonstrate Defendant Dr. Fricke provided inadequate medical care and that Plaintiff's medical condition subsequently worsened. *See* Dkt. No. 45 at 6, 10. Magistrate Judge Dancks issued an Order and Report-Recommendation, dated February 12, 2018, recommending the Court grant Defendant Dr. Fricke's motion and that Plaintiff's medical indifference claim against Defendant Lucca be *sua sponte* dismissed. *See* Dkt. No. 59 at 24.

## II. BACKGROUND

Since neither party objects to Magistrate Judge Dancks' recitation of the relevant background facts, and because it is consistent with the record, the Court adopts the factual background set forth in Magistrate Judge Dancks' Order and Report-Recommendation. *See id* at 3-6.

## III. DISCUSSION

**A.     Standard of Review**

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at

36-37 (quotation and other citation omitted).  Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c) (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party.  *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2502, 2513-14, 91 L. Ed. 2d 202 (1986)) (other citations omitted).  Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather the court must be satisfied that the citations to evidence in the record support the movant's assertions.  *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted).  The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education.  *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).  This does not mean, however, that a *pro se* litigant is excused from following the procedural requirements of summary judgment.  *See id.* (citing *Showers v. Eastmond*, No. 00 CIV. 3725, 2001 WL 527484, *1 (S.D.N.Y. May 16, 2001)).  Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence is not sufficient to overcome a motion for

summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Cary v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

4

**B.     Plaintiff's Objection**

Plaintiff's objection to Magistrate Judge Dancks' Order and Report-Recommendation consists of two sentences, claiming that he "did not receive all paper work[] from Defendant[s]" and that he was not appointed an attorney. Dkt. No. 60 at 1. Applying a more lenient standard, the Court can only reasonably construe Plaintiff's objection as asserting inadequate discovery prior to Magistrate Judge Dancks' Order and Report-Recommendation.

To object for inadequate discovery, Plaintiff was required to file an affidavit "showing: (1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts." *Lunts v. Rochester City Sch. Dist.*, 515 Fed. Appx. 11, 13 (2d Cir. 2013) (quoting *Meloff v. N.Y. Life Ins. Co.*, 51 F.3d 372, 375 (2d Cir. 1995)) (internal quotation marks omitted). The Second Circuit has recognized that even a *pro se* litigant's "failure to file a Rule 56(d) affidavit sufficiently explaining the need for additional discovery 'is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate.'" *Lunts*, 515 Fed. Appx. at 13–14 (quoting *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137 (2d Cir. 1994)); *see also Falso v. Rochester City Sch. Dist.*, 460 Fed. Appx. 60, 61–62 (2d Cir. 2012) ("Falso did not submit an affidavit in the district court setting forth the additional facts he sought to discover under Fed. R. Civ. P. 56(d). That omission is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate") (quoting *Paddington Partners*, 34 F.3d at 1137).

Plaintiff never filed an affidavit objecting to the adequacy of discovery afforded to him or requesting more discovery. Additionally, Plaintiff has previously indicated that he was content with the discovery afforded to him. *See* Dkt. No. 40 at 1. Further, Plaintiff fails to assert here

5

how access to "all paper works from Defendant[s]" would have raised a genuine issue of material fact. Dkt. No. 60 at 1. As Plaintiff failed to file an affidavit contesting the adequacy of discovery, or even identify what discoverable materials he did not receive, the Court concludes that this is a general objection and will review Magistrate Judge Dancks' Order and Report-Recommendation for clear error.

Upon review for clear error, the Court finds that the Order and Report-Recommendation correctly concludes that Defendant's motion for summary judgment should be granted. The undisputed facts establish that Plaintiff was not deprived of adequate medical care and Plaintiff failed to put forth any facts supporting the assertion that he received inadequate medical care and that his medical condition worsened. *See* Dkt. No. 59 at 16-19. Magistrate Judge Dancks further correctly determined that, by failing to present any medical evidence establishing that his condition worsened, Plaintiff also could not demonstrate that Defendant Lucca caused Plaintiff's condition to worsen by continually providing Plaintiff with food outside his prescribed bland diet. *See id* at 24. As such, dismissal of Defendant Lucca is appropriate pursuant to 28 U.S.C. §§1915(e) and 1915A.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Dancks' Order and Report-Recommendation is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that Defendant's motion for summary judgment (Dkt. No. 45) is **GRANTED**, and that all claims against Defendants Dr. Fricke and Anthony Lucca are **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 15, 2018
       Albany, New York

Mae A. D'Agostino
U.S. District Judge